UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EMMETT FARR,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  16-cv-1279-JLS (WVG)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>(ECF No. 2) |

Presently before the Court is plaintiff James Emmett Farr's Motion for TRO & Preliminary Injunction (Motion), (ECF No. 2), as well as Farr's declaration and documentation in support of this Motion, (ECF No. 1-2). Farr, a prisoner at Richard J. Donovan Correctional Facility, requests a temporary restraining order enjoining the Defendants from:

> (a) placing Plaintiff in Administrative Segregation and subsequently depriving him of his legal papers and books; (b) attempting to place Plaintiff on [sic] a Facility housing a documented enemy; (c) falsifying Rules Violation Reports against Plaintiff and, (d) . . . "physically" assaulting Plaintiff.

(Mot. at 1.)[1]

/ / /

---

[1] Pinpoint citations to docketed materials refer to the CM/ECF page number electronically stamped at the top of each page.

1

Farr alleges that defendant Paramo, the warden of the Richard J. Donovan Correctional Facility, violated his constitutional rights by (1) failing to maintain an adequate grievance procedure, which allowed corrections officials to mistreat Farr "without fear of accountability or punishment"; (2) failing to train, discipline, and supervise corrections officials; and (3) failing to implement quality control policies and procedures. (*See* Compl., ECF No. 1, at 12–13.) Farr further claims that Paramo was "fully aware of the pervasive policies and practices with respect to RJD's grievance system but did not take adequate steps to correct these poor policies and practices." (*Id.* at 15.) Farr also alleges that various correctional officers violated his Eighth Amendment rights by physically assaulting him. (*Id.* at 14–15.)

The same standard governs TROs and preliminary injunctions. *Stuhlbard Int'l Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 20. To warrant injunctive relief, irreparable injury must be more than merely possible. See *Midgett v. Tri-Cnty. Metro. Transp. Dist. of Or.*, 254 F.3d 846, 850 (9th Cir. 2001). Rather, the plaintiff must show "that he faces a real or immediate threat" that he will suffer irreparable harm. *Id.* The Court may grant a TRO without notice to the adverse party upon a showing of specific facts in an affidavit, declaration, or verified complaint "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and reasons why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1); Civ. L.R. 83.3(g)(2).

A review of the record reveals that this extraordinary remedy is not warranted here.

Even if the Court credited Farr's allegations—both in his declaration, (ECF No. 1-2, at 8–19), and his Complaint—as true, Farr has not presented a case of sufficiently real or immediate irreparable injury. Rather, his allegations focus on incidents that have already occurred. For example, Farr describes a past incident of physical abuse by various correctional officers. (*See* Farr Decl. ¶¶ 1–13.) Even assuming this incident unfolded as Farr describes, there is no credible evidence that this will happen again at the hands of the Defendants, thereby justifying entry of a temporary restraining order or preliminary injunction ordering the Defendants not to physically assault Farr. Similarly, Farr has not presented evidence that would warrant entry of an order by this Court at this early stage in these proceedings interfering with prison official's ability to run the prison, in particular through disciplinary actions taken against Farr in response to future conduct. There is therefore no basis to enjoin the Defendants from placing Farr in administrative segregation. By Farr's own admission, "there is a chance" that he will be assaulted or placed in administrative segregation again, but a mere chance of these events occurring does not suggest he is actually likely to suffer irreparable harm. Likewise, there is insufficient evidence to show that the Defendants will falsify rules violations in the future.

With respect to Farr's request that the Court enjoin the Defendants from placing him in a facility with a "documented enemy," Farr has not met his burden of showing immediate irreparable harm or that he is likely to succeed on the merits. Although prison officials are obligated to protect prisoners from violence at the hands of other prisoners, Farr has not met his burden of showing that he will actually be harmed if he is moved to the facility in question and that the Defendants have acted or will act with deliberate indifference to his safety in this regard. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

Accordingly, Farr's request for a temporary restraining order is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 20, 2016

Hon. Janis L. Sammartino
United States District Judge