UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EMMETT FARR,<br><br>                              Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>                              Defendants. | Case No.: 16-cv-1279-JLS (WVG)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 10) |

Presently before the Court is Plaintiff James Emmett Farr's Motion for Appointment of Counsel and Declaration and Memorandum in Support Thereof ("Mot. for Counsel"). (ECF No. 10.) Plaintiff requests the Court to "appoint[] counsel in this serious and highly complex case . . . ." (*Id.* at 1.)

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under section 1915(e)(1) of title 28 of the United States Code, district courts have the discretion to appoint counsel for indigent persons. This discretion, however, may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity

of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In the present case, Plaintiff—a prisoner at the Richard J. Donovan Correctional Facility ("RJD")—indicates that he cannot afford to pay an attorney to litigate this matter, (Mot. for Counsel 1), and that he will be unable to effectively litigate the case both due to unfamiliarity with the law and the electronic format in which the prison library's legal documents are contained, (*id.* at 2). Plaintiff further indicates that although he believes he has "a colorable claim for relief," the complexity of the issues presented "might try even an established advocate's skills," and therefore "are admittedly too much for this plaintiff to fairly and adequately prosecute in this court." (*Id.*)

However, Plaintiff has successfully navigated the Court system thus far, filing a Complaint with attachments totaling one-hundred-and-nineteen pages. (ECF No. 1.) And Plaintiff even tracked down supplemental addresses for two Defendants the United States Marshals were initially unable to serve. (ECF No. 18.) This indicates that Plaintiff at least has a base understanding of and ability to litigate this action. And although Plaintiff may be unfamiliar with the electronic format of his current law library, there is no indication it will effectively foreclose Plaintiff's ability to litigate this action.

Further, Plaintiff's Summonses were only recently returned executed, and the early stage of the litigation also counsels against appointing counsel at this time. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Finally, while the Court has previously determined that Plaintiff's case "may not be entirely without merit," (Order Directing U.S. Marshal Serv. 2, ECF No. 11), that determination was made only within the context of the very "low threshold" for proceeding past the *sua sponte* screening required for the Court to order United States Marshal service. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). Almost the entirety of Plaintiff's Complaint relies on either Plaintiff's own

statements of the wrongs he has allegedly suffered at the hands of Defendants, or on inferences from the documents Plaintiff attached to his Complaint. Accordingly, the Court simply does not have enough facts at this time to determine whether Plaintiff has a strong likelihood of success on the merits such that appointment of counsel is warranted.

In sum, Plaintiff has adequately litigated the case thus far, the case is still in its infancy, and the Court is currently unable to determine how likely Plaintiff is to succeed on the merits of his claim. For these reasons, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. Accordingly, the Court **DENIES** Plaintiff's request **WITHOUT PREJUDICE**. Should circumstances change, Plaintiff may be permitted to file another Motion for Appointment of Counsel.

**IT IS SO ORDERED.**

Dated: March 23, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge