UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EMMETT FARR,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>　　　　　　　Defendants. | Case No.: 16-cv-1279-JLS (MDD)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; AND (2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>(ECF Nos. 30, 35) |

Presently before the Court is Magistrate Judge Michael D. Dembin's Report and Recommendation ("R&R"), (ECF No. 35). Judge Dembin recommends that the Court grant in part and deny in part Defendants' Partial Motion to Dismiss, (ECF No. 30). Petitioner filed objections to the R&R, ("Objections," ECF No. 39).

Having considered the Parties' arguments and the law, the Court rules as follows.

## BACKGROUND

Judge Dembin's Report and Recommendation contains a complete and accurate recitation of the relevant portions of the factual and procedural histories underlying Defendants' pending Motion to Dismiss. (*See* R&R 1–7.) This Order incorporates by reference the background as set forth therein.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

**ANALYSIS**

**I.    Summary of R&R Conclusions**

Judge Dembin recommends the Court: 1. Dismiss without prejudice Plaintiff's Eighth Amendment excessive force claim as to Defendants Amaro and Frink; 2. Grant Plaintiff's Eighth Amendment excessive force claim as to Defendants Ramrakha, Hernandez, and Bernard; 3. Dismiss with prejudice Plaintiffs' Fourteenth Amendment Due Process Claim as to all Defendants; 4. Dismiss without prejudice Plaintiff's Respondeat Superior/*Monell* Claim against Defendant Paramo; 5. Dismiss with prejudice Plaintiff's negligence claim against Defendant Paramo; 6. Dismiss without prejudice Defendants Savala and Ramirez from this action; 7. Find Plaintiff has not sufficiently pled conspiracy under § 1983; 8. Find Plaintiff has not adequately pled a First Amendment retaliation claim; 9. Dismiss without prejudice Plaintiff's Eighth Amendment deliberate indifference claim. (*See generally* R&R.)

Plaintiff filed a lengthy objection, objecting to various portions of the R&R and reiterating many of his allegations. The Court will review, *de novo*, those parts of the R&R to which Plaintiff objects and will review for clear error the parts of the R&R to which Plaintiff does not object.

## II. Eighth Amendment Claim

Plaintiff alleges Defendants Amaro, Fink, Ramrakha, Hernandez, and Bernard violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment "when they physically assaulted Plaintiff." ("Compl.," ECF No. 1, ¶ 17.) Judge Dembin found there is no evidence Defendants Amaro and Fink were present during or involved in the alleged use of excessive force. (R&R 8–9.) Plaintiff does not directly object to this finding, but does state "[e]ven the employees who did not actively participate in the individual levels of criminality, either witnessed it, or knew all about it" and did not prevent it. (Objection ¶ 43.) This does not show involvement. The Court therefore agrees with Judge Dembin that "Plaintiff cannot bridge the pleading gap with vague and speculative allegations of conspiracy or vicarious liability" as to these Defendants Amaro and Fink. (R&R 9.) Defendants concede the claim is sufficiently pled as to Defendants Ramrakha, Hernandez, and Bernard. (*Id.* at 8.) The Court **ADOPTS** the R&R as to this claim, **GRANTING** the Motion to Dismiss this claim as to Defendants Amaro and Fink, and **DENYING** the Motion to Dismiss this claim as to Defendants Ramrakha, Hernandez, and Bernard.

## III. Fourteenth Amendment Due Process Claim

Plaintiff alleges Defendants Amaro, Fink, Ramrakha, Hernandez, and Bernard violated his Fourteenth Amendment right when they "stole Plaintiff's personal property and / or allowed other inmates to steal Plaintiff's property." (Compl. ¶ 17.) Judge Dembin found "[a] deprivation or destruction of a prisoner's property does not violate the prisoner's due process rights under the 14th Amendment so long as the state provides a post-deprivation remedy." (R&R 10 (citing *Hudson v. Palmer*, 468 U.S. 517, 534 (1984); and *Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994)).) Judge Dembin found although California provides an adequate post-deprivation remedy for property deprivation, Plaintiff "concedes that he has failed to seek post-deprivation remedies in state court." (*Id.*) In his Objections, Plaintiff does not address this claim. The Court agrees with Judge Dembin and **ADOPTS** the R&R and **DISMISSES** this claim. The Court finds no amendment can cure

Plaintiff's failure to seek post-deprivation remedies in state court and, therefore, the dismissal is **WITH PREJUDICE**.

## IV. Respondeat Superior/*Monell* Claim

Plaintiff claims Defendant Paramo violated Plaintiff's Eighth Amendment right "in that [Paramo] maintained inadequate policies and procedures" with respect to the prison's grievance and inmate complaint procedures. Judge Dembin found Plaintiff had not sufficiently alleged a respondeat superior claim against Defendant Paramo in either his individual or official capacity. (R&R 11–12.) Judge Dembin found first, Plaintiff does not allege Defendant Paramo's direct involvement in the incident, and second, government officials cannot be held liable under § 1983 for their subordinates' conduct merely because the official is the supervisor. (R&R 12 (citing cases).) As to the *Monell* claim, Judge Dembin found Plainiff only included conclusory allegations about Defendant Paramo's involvement and has not alleged a plausible claim. (*Id.*)

Plaintiff objects to this finding. Plaintiff alleges on November 6, 2014,[1] Plaintiff personally notified Defendant Paramo that Plaintiff was accusing his staff of criminal behavior. (Objections ¶ 34.)[2] Plaintiff states "this issue is not a matter of respondeat superior, but of liability based on [Paramo's] personal knowledge and his failure to err on the proper side of legality." (*Id.* ¶ 34.) Although Plaintiff attempts to circumvent the phrase "respondeat superior," it stands that there is no respondeat superior liability under § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993); *see also Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (supervisor is not "vicariously liable for the fault of personnel" at the prison). The Court views Plaintiff's objection as one to Judge

---

[1] The incident occurred on November 1, 2014.

[2] This information appears nowhere in Plaintiff's Complaint and Plaintiff has therefore waived his right to present it here. *See Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (holding that the district court, in reviewing objections to a magistrate judge's report and recommendation, is not required to consider evidence that was not presented to the magistrate judge). Even if the evidence was timely presented, the Court determines the objection does not demonstrate any error in Judge Dembin's finding.

Dembin's finding regarding Defendant Paramo's personal liability. Plaintiff's objections do not cure him of the underlying issue identified by Judge Dembin: Plaintiff must allege Defendant Paramo's personal involvement. Allegations that Defendant Paramo knew of the other officers' actions <u>after the fact</u> do not show Paramo's direct involvement. (R&R 12 (finding the allegation that Plaintiff and his wife wrote letters to Defendant Paramo after the November 1, 2014 incident do not show Paramo's direct involvement in the incident).)[3] The Court agrees with Judge Dembin.

As to the *Monell* claim, under *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658 (1978), a municipality, its agencies, or its officials can be held liable under § 1983 if a constitutional deprivation arises pursuant to a governmental custom even though the custom has not been formally approved through official decision-making channels. *Id.* at 690. The Court agrees Plaintiff has not alleged such a plausible practice or custom that was used to cause Plaintiff's alleged injuries. The Court **ADOPTS** the R&R and **DISMISSES** this claim. The Court agrees it is possible Plaintiff could cure the deficiencies in his Complaint as to this claim by pleading additional facts showing Defendant Paramo had some personal involvement in the alleged violation of his rights or by pleading facts sufficient to establish a *Monell* claim. Therefore the dismissal is **WITHOUT PREJUDICE**.

### V. Negligence Claim

Plaintiff alleges Defendant Paramo was negligent in, among other things, not correcting the prison policies, ignoring the pattern of prior grievances, and maintaining a

---

[3] In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. The "sufficient causal connection" may be shown by evidence that the supervisor "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights.'" However, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Wesley v. Davis*, 333 F. Supp. 2d 888, 892 (C.D. Cal. 2004) (internal citations omitted). The Court agrees Plaintiff has not alleged sufficient facts to show Defendant Paramo's personal involvement or a sufficient casual connection to Plaintiff's alleged injuries.

system of inadequate training. (Compl. ¶¶ 22–25.) Judge Dembin found this claim fails because Plaintiff has not alleged he complied with California's Government Tort Claims Act ("Act"). (R&R 13.) Under the Act, Plaintiff was required to present his claim to the Victim Compensation and Government Claims Board within six months of the incident. The incident occurred on November 1, 2014 and Plaintiff did not file his claim until more than a year later. (*Id.*) Plaintiff's claim was denied and Plaintiff does not allege he petitioned for relief from the claims presentation requirement before bringing his action. (*Id.*)

Plaintiff objects to this, arguing he was delivered an adverse response of rejection and denial of his claim. (Objections ¶ 39.) While this may be true, his claim was still untimely filed and Plaintiff has not been granted relief from the claims presentation requirement. Plaintiff also argues "a VCB claim by a prisoner against a public employee Defendant[] is not required." (*Id.* ¶ 40.) The Court disagrees and finds no valid basis for this argument. Judge Dembin also found Defendant Paramo is immune from liability as it relates to this claim. Plaintiff does not object to this finding. The Court agrees with Judge Dembin and **ADOPTS** the R&R, **DISMISSING** this claim. The Court finds no amendment to the Complaint could cure Plaintiff's failure to comply with the Act, thus, this dismissal is **WITH PREJUDICE**.

VI. **Defendants Savala and Ramirez**

Judge Dembin found Plaintiff did not include these Defendants' names in his three enumerated claims and has only alleged these Defendants were witnesses to the underlying event and included "threadbare allegations of conspiracy and retaliation." (R&R 14.) In his Objections, Plaintiff alleged Defendant Savala is liable based on his personal knowledge and failure to act, and attached an "Administrative Segregation Unit Placement Notice" drafted by Defendant's Savala. (Objections p. 13–17.) A portion of this document was previously attached as Exhibit 5 to Plaintiff's Complaint. (ECF No. 1-2, at 64). This document does not show Defendant Savala's direct involvement in any alleged constitutional deprivation. The evidence shows Defendant Savala filled out a form

detailing the reason for Plaintiff's placement in the segregation unit. (*Id.* (describing Plaintiff "lunging toward" Sergeant Ramrakha).) The Court agrees with Judge Dembin that Plaintiff does not allege Defendant Savala was directly involved in the use of force. (R&R 15.)

Judge Dembin also found Plaintiff does not allege Defendant Ramirez was directly involved in the use of force. (*Id.*) Plaintiff does not object to this finding. The Court agrees with Judge Dembin. The Court **ADOPTS** the R&R as to this claim and **DISMISSES WITHOUT PREJUDICE** Defendants Savala and Ramirez.

### VII. Conspiracy Allegation

Plaintiff's form Complaint states a cause of action for "Conspiracy" but he does not mention allegations of a conspiracy throughout the Complaint. (*See* Compl. 1.) Judge Dembin found, to the extent Plaintiff included a claim for conspiracy, Plaintiff had not adequately pled a conspiracy. (R&R 15–16.) In his Objections, Plaintiff claims his entire claim is "submitted as a Conspiracy of Retaliation." (Objections ¶ 2.) But Plaintiff points to no allegations in his Complaint that support a claim of conspiracy under § 1983. To the extent Plaintiff has brought a claim of conspiracy under § 1983, the Court agrees with the R&R and **DISMISSES WITHOUT PREJUDICE** this claim.

### VIII. First Amendment Retaliation Allegations

Judge Dembin found, construing Plaintiff's allegations liberally, that Plaintiff alleges Defendants "used excessive force in retaliation for Plaintiff exercising his First Amendment rights to petition the courts as a class action plaintiff and through the prison grievance system." (R&R 16.) Plaintiff states this his entire case is one of retaliation, and provides that he has filed many staff complaints and that he was a party in a major litigation against the California Department of Corrections and Rehabilitation. (Objections ¶¶ 44–45.) But the Court agrees that Plaintiff has not shown the alleged retaliatory action "does not advance legitimate penological goals." (R&R 17 (quoting *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994) (per curiam) (holding a prisoner suing officials under § 1983 for retaliation must show he was retaliated against for exercising his constitutional rights

and that the retaliatory action does not advance legitimate penological goals)).) The Court agrees with the R&R and, to the extent Plaintiff alleged a retaliation claim, the Court **DISMISSES WITHOUT PREJUDICE** this claim.

### IX. Eighth Amendment Deliberate Indifference

Plaintiff alleges the Defendants were deliberately indifferent to his medical needs when they failed to ensure treatment for the injuries and delayed his access to medical care after the incident. (Compl. ¶ 3.) Judge Dembin found Plaintiff has failed to show the subjective prong of this claim, that any of the Defendants consciously disregarded Plaintiff's needs after he was assaulted. (R&R 19.) The Court agrees. In fact, Plaintiff produced a document that shows he refused medical care on the date of the incident. (ECF No. 1-2, at 35.)[4] Even without this evidence, Plaintiff has made no allegations that any specific Defendant named in the Complaint consciously disregarded to his needs. (*See* R&R 18–19 ("The official must have been aware of facts or factual circumstances that would allow him to draw the inference that a substantial risk of serious harm to the inmate's health and safety exists, and he must also draw that inference." (citing *Famer v. Brennan*, 511 U.S. 825, 837 (1994)).) The Court agrees with Judge Dembin and **ADOPTS** the R&R as to this claim.

/ / /

/ / /

/ / /

---

[4] In his Complaint, Plaintiff argues there are conflicting medical documents because one document shows he refused care and another document shows he was treated and released. (ECF No. 1-2, ¶ 17 (citing Medical Documents 2 and 3, (ECF No. 1-2, at 31–37)).) But Medical Document 2, which details the treatment Plaintiff received, is dated September 2, 2014. Medical Document 3, which states Plaintiff "refused medical care;" "refused to answer questions;" and was "uncooperative[,]" is dated November 1, 2014, the date of the incident.

## CONCLUSION

For the reasons stated above, the Court (1) **OVERRULES** Plaintiff's objections; (2) **ADOPTS** Judge Dembin's R&R, (ECF No. 35); and (3) **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss, (ECF No. 30), as detailed herein.

**IT IS SO ORDERED.**

Dated: December 18, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge