UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EMMETT FARR,<br><br>                                   Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>                                  Defendants. | Case No.: 16-CV-1279-JLS (MDD)<br><br>**ORDER (1) DENYING MOTION FOR RECONSIDERATION; (2) SETTING SCHEDULE FOR AMENDED COMPLAINT; (3) GRANTING EX PARTE MOTION**<br><br>(ECF Nos. 46, 51) |

      On December 18, 2017, this Court adopted the Report and Recommendation of Magistrate Judge Dembin, (ECF No. 44). The Court granted in part and denied in part Defendants' Motion to Dismiss. Plaintiff then filed a Motion for Reconsideration and Request for Leave to Amend and Supplement his § 1983 Claim, ("MTN," ECF No. 46). Defendants Hernandez, Fink, Barnard, Amaro, Ramirez, Paramo, Ramrakha, and Savala filed a response to Plaintiff's Motion, ("Opp'n," ECF No. 47).

      Soon afterwards, by order of the Court to serve any unserved Defendants, Plaintiff then served Defendants Solo and Wall, who were named as Defendants in the Complaint but never served. (ECF Nos. 49, 50.) All Defendants then filed an Ex Parte Motion requesting an extension of time to file a response to the Complaint until Plaintiff filed an amended complaint, ("Ex Parte MTN," ECF No. 51).

## LEGAL STANDARD

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L. R. 7.1(i)(1).

Generally, reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Ultimately, "[w]hether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). "A [motion for reconsideration] may not be used to raise arguments or present evidence for the first time when such arguments or evidence could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Plaintiff does not argue there is any new evidence or a change in the law that warrants reconsideration. Instead, he reiterates many of his past arguments and includes new arguments. In sum, he requests the Court reconsider its order "and reverse it's [sic] judgment thereby allowing Plaintiff to plead his claims in a more relaxed manner in accord with FRCP Rule 8 without requiring Plaintiff to such a heightened pleading requirement which dismisses whole portions of Plaintiff's § 1983 pleading." (MTN 13.)

After review of Plaintiff's Motion and the Court's Order, the Court finds no clear error in the Order. Plaintiff may not re-argue his claims in the present Motion nor may he present arguments for the first time; a motion for reconsideration does not give parties a

"second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). However, the Court granted in part and denied in part Defendants' Motion to Dismiss. The Court granted various portions of the Motion without prejudice; thus, Plaintiff has been given leave to amend these claims.

To the extent Plaintiff is requesting the Court permit him to avoid the pleading requirements of Federal Rule of Civil Procedure 8, the Court declines to do so. Plaintiff is to follow the Rule 8 pleading requirements in filing his amended complaint. Plaintiff is reminded that Rule 8(a) requires a "short and plain statement of the claim showing that [he] is entitled to relief." The Rule "does not require 'detailed factual allegations,' . . . [but] it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).

Plaintiff **SHALL** file an amended complaint <u>on or before April 5, 2018.</u> Plaintiff is to include in the amended complaint each Defendant he wishes to bring allegations against and must serve the amended complaint on all named Defendants.

Accordingly, Defendants' ex parte motion for an extension of time to respond is **GRANTED**. The newly-served Defendants are not required to respond to Plaintiff's Complaint, and **SHALL** respond to the amended complaint, if required, under the time set by the federal rules. As Defendants note, this extension promotes judicial efficiency because all served Defendants can file one response to the amended complaint. Further, as proposed by newly-served Defendants Soto and Wall, if Plaintiff fails to amend his

///
///
///

3

16-CV-1279-JLS (MDD)

Complaint on or before April 5, 2018, Defendants Soto and Wall are to respond to the original Complaint <u>on or before April 19, 2018</u>.

     **IT IS SO ORDERED.**

Dated: March 2, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge