UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EMMETT FARR,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 16cv1279-JLS-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS' MOTION TO DISMISS COMPLAINT AS TO LT. SOTO AND SGT. WALL**<br><br>**[ECF No. 55]** |

　　This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

　　For the reasons set forth herein, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED.**

## I.　PROCEDURAL HISTORY

　　Plaintiff James Emmett Farr is a state prisoner proceeding *pro se*. (ECF No. 1). On May 27, 2016, Plaintiff filed a civil complaint pursuant to 42

U.S.C. § 1983. (*Id.*).

In his Complaint, Plaintiff set forth three claims against employees of the Richard J. Donovan Correctional Facility ("RJD"). (*Id.* at 14-16)[1]. All of Plaintiff's claims relate to a use of force incident at RJD on November 1, 2014. (*Id.*).

Following a previous Motion to Dismiss, the only remaining claim is an Eighth Amendment deliberate indifference claim against Defendants Ramrakha, Hernandez, and Bernard. (ECF No. 44 at 9). Defendants Wall and Soto were initially named in the caption of the Complaint, however they were served approximately nineteen months after the Complaint was filed. (ECF No. 49, 50, 52).

On April 19, 2018, Soto and Wall filed a Motion to Dismiss. (ECF No. 55). They argue that because the only mention of them is in the attached exhibits, the Complaint fails to allege any claims against them. (*Id.* at 10). Plaintiff did not file an Opposition to the Motion to Dismiss.

## II. BACKGROUND FACTS

The general facts taken from Plaintiff's Complaint are presented in the first Report and Recommendation, which the Court incorporates by reference. (ECF No. 35 at 4-7).

On the day officers allegedly used excessive force against Plaintiff, Wall conducted a video interview that documented Plaintiff's wounds. (ECF No. 1-2 at 13). The only reference Plaintiff makes to Wall is in his Declaration where he states that Wall conducted the interview. (*Id.* at 9-13).

On January 2, 2015, Plaintiff filed a disciplinary appeal challenging the

---

[1] All pincites refer to the computer-generated CM/ECF pagination; not the pagination in the original document.

Rules Violation Report ("RVR") issued following the use of force incident. (ECF No. 1-2 at 55, 57-58). Among other things, Plaintiff argued that the Senior Hearing Officer allowed Soto, the Reporting Officer, to remain in the hearing. (*Id.* at 55). A second level decision found that Plaintiff requested Soto as a witness before the hearing, which was upheld at the third level of appeal. (*Id.*). Plaintiff's only mention of Defendant Soto is an exhibit's reference to Soto's physical presence during the disciplinary appeal. (*Id.* at 55, 58).

### III.  LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations omitted). The pleader must provide the Court with "more than an un-adorned, the-defendant-unlawfully harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will not suffice." *Id.* "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [a court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations omitted).

A *pro se* pleading is construed liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996)). The *pro se* plaintiff must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S.

at 570.

A court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982). Nor may a plaintiff supply missing elements in his opposition. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original)).

A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## IV. DISCUSSION

Wall and Soto were named as Defendants in the caption of the original Complaint, however they are not mentioned in the body. (ECF No. 1).

To establish a § 1983 claim, courts have generally required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). Courts in the 9th Circuit have held that defendants who are only mentioned in the caption of the complaint are properly dismissed when the complaint fails to assert any allegations against that particular defendant. *Church of Scientology v. Linberg*, 529 F.Supp. 945, 953 (C.D. Cal. 1981) (citing *Child v. Beame*, 417 F.Supp. 1023, 1025-26 (S.D.N.Y 1986) ("when a defendant is merely named in the caption of a complaint but is nowhere claimed to have caused the plaintiff injury, the complaint against him must be dismissed").

Plaintiff does not allege that Wall and Soto acted under color of law. Plaintiff has only named Defendants in the caption and referred to them in

4

the exhibits. Plaintiff does not state in the body of the Complaint that Defendants have caused him injury, or that they deprived Plaintiff of any Constitutional rights. Therefore, Plaintiff has not established a valid claim against Defendants Wall and Soto. Plaintiff has had opportunities to amend his Complaint and assert facts against Defendants Wall and Soto and has not. Because Wall and Soto are identified as merely witnesses to actionable events, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** without leave to amend.

## V. CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that: 1) this Report and Recommendation be adopted in its entirety; 2) Defendants' Motion be **GRANTED**, and 3) the Complaint against Defendants Wall and Soto be **DISMISSED** with prejudice.

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. §636(b)(1). Any party may file written objections with the court and serve a copy on all parties by **August 24, 2018**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **August 31, 2018**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: August 10, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge