UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EMMETT FARR,<br><br>         Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>         Defendants. | Case No.: 16-cv-1279-JLS (MDD)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) GRANTING MOTION TO DISMISS, AND (3) DISMISSING WITH PREJUDICE DEFENDANTS WALL AND SOTO**<br><br>(ECF Nos. 55, 57) |

  Presently before the Court is Magistrate Judge Michael D. Dembin's Report and Recommendation ("R&R," ECF No. 57). Magistrate Judge Dembin recommends that the Court grant Defendants' Motion to Dismiss ("Mot.," ECF No. 55). Plaintiff did not oppose the Motion and did not file any objections to the R&R. Having considered Magistrate Judge Dembin's R&R, the parties' arguments, and the law, the Court rules as follows.

**BACKGROUND**

  Magistrate Judge Dembin's August 18, 2017 Report and Recommendation and the instant R&R contain a complete and accurate recitation of the relevant portions of the factual and procedural histories underlying Defendants' pending Motion to Dismiss. *See*

1

ECF No. 35 at 1–7; R&R at 1–3. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Magistrate Judge Dembin recommends that the Court grant Defendants Wall and Soto's Motion without leave to amend. *See* R&R at 5. This is because:

> Wall and Soto were named as Defendants in the caption of the original Complaint[;] however[,] they are not mentioned in the body. . . . Plaintiff does not allege that Wall and Soto acted under color of law. Plaintiff has only named Defendants in the caption and referred to them in the exhibits. Plaintiff does not state in the body of the Complaint that Defendants have caused him injury, or that they deprived Plaintiff of any Constitutional rights. Therefore, Plaintiff has not established a valid claim against Defendants Wall and Soto. Plaintiff has had opportunities to amend his Complaint [to] assert facts against Defendants Wall and Soto and has not.

R&R at 4–5. The Court finds no clear error in Magistrate Judge Dembin's recommendation. Consequently, the Court **ADOPTS** the R&R in its entirety and **GRANTS** the Defendants Wall and Soto's Motion.

/ / /

/ / /

# CONCLUSION

For the reasons stated above, the Court (1) **ADOPTS** Magistrate Judge Dembin's R&R (ECF No. 57), (2) **GRANTS** Defendants' Motion (ECF No. 55), and (3) **DISMISSES WITH PREJUDICE** the Complaint against Defendants Sergeant Wall and Lieutenant Soto.

Defendants Sergeant M. Ramrakha, Correctional Officer A. Hernandez, and Correctional Officer R. Bernard **SHALL FILE AN ANSWER** to Plaintiff's sole remaining Eighth Amendment claim <u>within fourteen (14) days</u> of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: October 17, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge