UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EMMETT FARR,<br><br>Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>Defendants. | Case No.: 16cv1279-JLS(MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO CONTINUE DEADLINE TO OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**AND**<br><br>**(2) DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 82]** |

On August 26, 2019, Plaintiff James Emmett Farr filed a document entitled "Ex Parte Motion to Apprise this Court of Plaintiff's Inability to Prosecute This Case Due to Circumstances Out of His Control," which the Court accepted on discrepancy on September 3, 2019. (See ECF Nos. 81 & 82.) In his filing, Plaintiff states that he is not able to "adequately" prosecute this case because on July 18, 2019, he was placed in administrative segregation by the nonparty staff at the Richard J. Donovan Correctional Facility ("RJD"), where he has been housed since the beginning of this litigation. (ECF

No. 82 at 1-2; see also id. at 8.) Plaintiff claims that he was "stripped of all of his personal property, legal notes, books and record of this litigation," as well as access to law library and writing supplies, which rendered him "incapable of properly, adequately or fairly responding to Defendants' Motion for Summary Judgement." (Id. at 2-3, 8-9; see also id. 10.)

The Court construes portions of Plaintiff's filing [see id. at 2-3, 8-9], as a motion to continue his deadline to oppose Defendants' pending Motion for Summary Judgment. On July 26, 2019, Defendants filed a Motion for Summary Judgment. (ECF No. 73.) The Court issued a briefing schedule requiring Plaintiff to file an Opposition to Defendants' motion by September 9, 2019, and Defendants to file a Reply by September 19, 2019. (ECF No. 74 at 2.) On September 16, 2019, Plaintiff filed a "Notice of Change of Address" advising the Court that he had been transferred to the California State Prison in Lancaster, California. (ECF No. 83.)

In light of Plaintiff's recent placement in administrative segregation at RJD, and his subsequent transfer to the California State Prison, the Court finds good cause to continue Plaintiff's deadline to oppose Defendants' Motion for Summary Judgement. Accordingly, the Court modifies its briefing schedule as follows:

1) Plaintiff shall file his Opposition to Defendants' Motion for Summary Judgement by **October 25, 2019**; and

2) Defendants may file a Reply by **November 5, 2019**.

In his filing, Plaintiff also asks the Court to "revisit [his] previous motions for appointment of counsel and for TRO[1]." (ECF No. 82 at 4; see also id. at 9.) With respect to his request to appoint counsel, Plaintiff argues that he lacks legal training, has limited

---

[1] On June 20, 2016, District Judge Sammartino issued an "Order Denying [Plaintiff's] Motion for Temporary Restraining Order and Preliminary Injunction." (ECF No. 3.) Having consulted with the chambers of Judge Sammartino, the Court notes that to the extent Plaintiff seeks reconsideration of the District Judge's order [ECF No. 3], the request will be addressed in a separate order by the District Judge.

access to a law library, and does not know how to conduct legal research online. (See id. at 2-3, 8-9.) Plaintiff also appears to contend that the appointment of counsel is warranted in light of his "Major Depression Disorder (MDD), Antisocial Personality Disorder (ASPD), anxiety, and Post Traumatic Stress Disorder (PTSD)." (See id. at 4.)

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't Soc. Servs., 452 U.S. 18, 25 (1981); see also Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (finding no abuse of discretion in denying appointment of counsel in Section 1983 action); Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings."). However, under 28 U.S.C. § 1915(e)(1), courts have the authority to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Agyeman v. Corr. Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). When assessing whether exceptional circumstances exist, courts must evaluate "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Both of these factors must be reviewed before deciding whether to appoint counsel, and neither factor is individually dispositive. Wilborn, 789 F.2d at 1331.

The Court notes that on March 23, 2017, the District Judge denied Plaintiff's motion to appoint counsel. (See ECF No. 29.) In his initial motion, Plaintiff argued that the appointment of counsel was warranted because he was in custody, had limited education, the case was "highly complex," he had mental health disabilities, lacked legal knowledge, and had limited access to legal recourses. (See ECF No. 10.) The District Judge found that Plaintiff had adequately litigated the case, had "a base understanding of and ability to litigate this action," that Plaintiff's likelihood of success on the merits was not clear, and that neither interests of justice nor exceptional circumstances warranted the appointment of counsel. (ECF No. 29 at 2-3.)

Plaintiff's cited reasons for the appointment of counsel in this motion parallel those asserted in his prior motion. (See ECF Nos. 10 & 82.) Having reviewed Plaintiff's additional arguments, the Court finds that they do not represent a basis for reversing the Court's prior decision. Since the District Judge's denial of Plaintiff's initial request to appoint counsel, Plaintiff has drafted and submitted numerous documents without the assistance of legal counsel. In addition to the instant filing, Plaintiff has submitted an opposition to Defendants' motion to dismiss [ECF No. 33], motion for extension of time to file an opposition to Report and Recommendation [ECF No. 37], objection to Report and Recommendation [ECF No. 39], letter to the Court's Clerk regarding service of and proposed Summons [ECF No. 41], "Motion for 1) Reconsideration of Partial Dismissal of the Above Styled Cause and 2) Request for Leave to Amend and Supplement [Plaintiff's] § 1983 Claim" [ECF No. 46], "Objection to Deposition in Ex Parte" [ECF No. 66], and a notice of change of address [ECF No. 83]. The above filings indicate that Plaintiff continues to have a sufficient grasp of the issues in his case, and is able to articulate the factual and legal basis of his claims. See Myers v. Basto, Case No.: 18cv2239-DMS(BLM), 2019 WL 265134, at *1-2 (S.D. Cal. Jan. 18, 2019) (finding that plaintiff failed to allege the requisite "exceptional circumstances" warranting the appointment of counsel, where the plaintiff argued that he was unable to afford counsel, had "very limited" access to law library, and that "imprisonment [would] greatly limit his ability to litigate properly."); see also Garcia v. Blahnik, Case No.: 14cv875-LAB-BGS, 2016 WL 4269561, at *3 (S.D. Cal. Aug. 15, 2016) (finding that appointment of counsel was not warranted where, inter alia, "Plaintiff's psychiatric disorder and limited access to the law library ha[d] not prevented him from filing a well-articulated complaint and other motions with the Court."). Further, although Plaintiff alleges that he could not adequately litigate this case because his access to writing supplies, case file, and other legal materials was limited while he was in administrative segregation at RJD, since the filing of the instant motion, Plaintiff has been transferred to a different correctional institution, and the

Court has extended Plaintiff's deadline to oppose Defendants' Motion for Summary Judgment by over a month.

Plaintiff's claims do not appear to be particularly complex, and to date, Plaintiff has adequately articulated his claims and legal arguments without the assistance of legal counsel. The Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel. Accordingly, the Court **DENIES** without prejudice Plaintiff's second motion to appoint counsel. See <u>Agyeman</u>, 390 F.3d at 1103; see also <u>Wilborn</u>, 789 F.2d at 1331.

**IT IS SO ORDERED**.

Dated: September 24, 2019

Honorable Michael S. Berg
United States Magistrate Judge