UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EMMETT FARR,<br><br>         Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>         Defendants. | Case No.: 16-CV-1279 JLS (MSB)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION**<br><br>(ECF No. 94) |

Presently before the Court is Plaintiff James Emmett Farr's Motion for Reconsideration of Denial of Temporary Restraining Order ("Mot.," ECF No. 94), accepted on discrepancy on October 29, 2019. *See* ECF No. 95. In essence, Plaintiff asks the Court to reconsider its September 26, 2019 Order denying as moot Plaintiff's August 26, 2019 *ex parte* motion requesting reconsideration of the Court's June 20, 2016 denial of his motion for a temporary restraining order. *See* ECF Nos. 3, 82, 88.

As a preliminary matter, "the Court notes that there is nothing in the Federal Rules of Civil Procedure or Local Rules of Civil Procedure that provides for multiple motions for reconsideration of an order." *United States v. Strain*, No. 3:97-CR-00004, 2019 WL 5399475, at *1 (D. Alaska Oct. 22, 2019) (collecting cases); *see also Williams v. Gittere*, No. 318CV00282MMDCBC, 2019 WL 5549230, at *1 (D. Nev. Oct. 25, 2019) ("The

1

Court will not entertain successive motions for reconsideration.") (citing *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016)); *Patterson v. Sullivan*, No. 118CV00361DADEPGHC, 2019 WL 2387638, at *1 (E.D. Cal. June 6, 2019) ("The Federal Rules of Civil Procedure do not authorize successive motions for reconsideration."); *Gentry v. Sinclair*, No. C99-289RSL, 2009 WL 1110466, at *1 (W.D. Wash. Apr. 24, 2009) (noting that there is not "any procedure allowing for a motion to reconsider an order denying reconsideration"). This alone merits denial of the instant Motion. *See id.*

Further, a party seeking reconsideration may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing 389 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Plaintiff attaches various exhibits to his Motion that pre-date the filing of his prior motion for reconsideration. *Compare* Mot. Ex. 1 (dated July 18, 19, 22, & 25, 2019), *with* ECF No. 82 at 5 (dated August 22, 2019). This also merits denial of the instant Motion. *See, e.g.*, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*, 571 F.3d 873, 880–81 (9th Cir. 2009) (affirming district court's denial of reconsideration where "new" evidence could have been presented to the district court previously); *Pierce v. Skolnik*, No. 3:10-CV-0239-ECR-VPC, 2012 WL 28839 (D. Nev. Jan. 5, 2012) (denying reconsideration based on declarations presenting previously available evidence).

Finally, Plaintiff's Motion requests relief on the grounds that "Richard J. Donovan Correctional Facility ("RJD") is still in full possession and control of Plaintiff's legal papers and books and appears to be claiming the items and articles in question cannot be found." Mot. at 1; *see also id.* at 4. The Court understands Plaintiff's frustration and his contention that his "legal papers are irreplaceable," *see id.* at 2; nonetheless, Plaintiff provides no evidence that RJD did not in fact lose his belongings in the midst of or following Plaintiff's transfer. Because Plaintiff must "establish that he is likely to succeed on the merits" to obtain the preliminary injunctive relief he requests, *see Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052

(9th Cir. 2009), the Court must conclude—as it did in June 2016, *see* ECF No. 3 at 3—that Plaintiff has failed to demonstrate that this extraordinary remedy is warranted here.

The Court therefore **DENIES** Plaintiff's Motion (ECF No. 94). The Court notes that it denied Plaintiff's previous motion as moot and without prejudice, *see* ECF No. 88 at 2; should Plaintiff demonstrate a reasonable expectation of returning to RJD, he may renew his motion for reconsideration of the Court's denial of his motion for a temporary restraining order at that time.

**IT IS SO ORDERED.**

Dated: November 6, 2019

Hon. Janis L. Sammartino
United States District Judge