UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMES EMMETT FARR,
CDCR #T-51954,

Plaintiff,

vs.

WARDEN DANIEL PARAMO, et al.,

Defendants.

Case No.: 16-CV-1279 JLS (MLB)

**ORDER DISMISSING DEFENDANT STOUT PURSUANT TO FED. R. CIV. P. 4(m)**

Plaintiff James Emmett Farr, currently incarcerated at California State Prison – Los Angeles County and proceeding pro se, filed a civil rights action against prison officials at Richard J. Donovan Correctional Facility ("RJD") on May 27, 2016.

**BACKGROUND**

On May 27, 2016, Plaintiff filed a Complaint ("Compl.," ECF No. 1) pursuant to 42 U.S.C. § 1983, in which he alleged constitutional violations by Defendants Paramo, Hernandez, Fink, Ramrakha, Amaro, Barnard, Ramirez, Savala, Soto, Stout, and Wall. *See* Compl. at 1, 8. On January 13, 2017, the Court granted Plaintiff's request for the United States Marshals Service ("USMS") to effect service of his Complaint on the named Defendants. *See* ECF No. 11.

On March 29, 2017, Defendants Hernandez, Fink, Barnard, Amaro, Ramirez, Paramo, Ramrakha, and Savala moved to dismiss portions of Plaintiff's Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 30. On August 18, 2017, Magistrate Judge Mitchell D. Dembin issued a report and recommendation in which he recommended dismissal of: (1) all Eighth Amendment claims against Defendants Amarao and Fink; (2) the Fourteenth Amendment, First Amendment retaliation, and generalized conspiracy claims as to all Defendants; (3) all claims against Defendant Paramo; and (4) the Eighth Amendment failure-to-protect claims as to all Defendants. *See* ECF No. 35. On December 18, 2017, this Court adopted this report and recommendation in its entirety. *See* ECF No. 44.

Plaintiff later requested, and was granted, leave to file an amended complaint no later than April 5, 2018. *See* ECF Nos. 46, 52. Plaintiff, however, chose not to file an amended pleading; consequently, the original Complaint filed by Plaintiff remained the operative pleading.

On April 19, 2018, Defendants Soto and Wall filed a motion to dismiss the claim against them pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 55. Magistrate Judge Dembin issued a report and recommendation in which he recommended that their motion be granted and all claims against them be dismissed with prejudice. *See* ECF No. 57. The Court adopted this recommendation on October 17, 2018, and dismissed Defendants Soto and Wall from this action.

The remaining Defendants who properly had been served with the Plaintiff's Complaint—Defendants Barnard, Hernandez, and Ramrakha—filed an Answer to the one remaining claim, Plaintiff's Eighth Amendment excessive force claim. *See* ECF No. 59. On July 26, 2019, Defendants Barnard, Hernandez, and Ramrakha filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* ECF No. 73.

On December 9, 2019, the Court granted Defendants' motion for summary judgment and issued an Order to show cause ("OSC") why Defendant Stout should not be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 97 at 20. The Court informed Plaintiff that, if he wished to proceed with his claims against Defendant Stout, he needed to file proof of proper service on Defendant Stout within thirty

16-CV-1279 JLS (MLB)

days; otherwise, the Court would dismiss Defendant Stout without prejudice. *Id.* at 20, 21. More than sixty days have passed, and Plaintiff has not provided a proof of service showing that Defendant Stout has been properly served or filed a motion seeking an extension of time to serve Defendant Stout.

## ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "In the absence of service of process (or waiver of service by the defendant) . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (citations omitted).

The initial ninety days provided by Rule 4(m) to effect service on Defendant Stout has long since passed in this case, yet a review of the Court's docket indicates that he has yet to be served. *See* Fed. R. Civ. P. 4(*l*)(1) ("[P]roof of service must be made to the court."); S.D. Cal. CivLR 5.2; *Walker v. Sumner,* 14 F.3d 1415, 1421–22 (9th Cir. 1994) (holding that where a pro se plaintiff fails to provide the Marshal with sufficient information to effect service, the court's *sua sponte* dismissal of those unserved defendants is appropriate under Rule 4(m)). The district court may not *sua sponte* dismiss a complaint for lack of service, however, "without first giving notice to the plaintiff and providing an opportunity for him to show good cause for the failure to effect timely service." *Crowley*, 734 F.3d at 975 (citation omitted). Indeed, the district court has broad discretion under

/ / /

3

Rule 4(m) to extend time for service upon a showing of good cause even after the service period has expired. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

Here, the Court provided Plaintiff notice, along with an additional thirty days to serve Defendant Stout, and gave Plaintiff the opportunity to show good cause as to why he failed properly to serve Defendant Stout. Plaintiff, however, has not responded to the Court's Order by either filing a proof of service or seeking additional time to serve Defendant Stout. Further, Plaintiff has failed to file any response at all to the Court's OSC explaining his failure timely to serve Defendant Stout. The Court therefore concludes that dismissal without prejudice pursuant to Rule 4(m) is appropriate.

## CONCLUSION

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Defendant Stout from this action for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). The Clerk of Court **SHALL TERMINATE** Defendant Stout from the Court's docket and, because Defendant Stout was the sole remaining Defendant in this action, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED**.

Dated: February 20, 2020

Hon. Janis L. Sammartino
United States District Judge

16-CV-1279 JLS (MLB)